UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SYLVESTER HOWARD**                                                            **CIVIL ACTION**

**VERSUS**                                                                            **NO. 08-672**

**STATE OF LOUISIANA**                                               **SECTION "J"(3)**

### TRANSFER ORDER

Petitioner, SYLVESTER HOWARD, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2000 state court conviction and sentence. To support his challenge, petitioner asserts that he was subjected to an illegal search and seizure.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Sylvester Howard v. State of Louisiana</u>, Civil Action 04-528 "J"(3). In that petition, petitioner claimed that he was subjected to an illegal search and seizure in violation of the Fourth Amendment. That petition was dismissed with prejudice on the merits by Judgment entered June 28, 2004. Petitioner's related appeal was dismissed for failure to prosecute. <u>Howard v. Louisiana Department of Corrections, State of Louisiana</u>, No. 04-30705 (5th Cir. Sept. 14, 2004).

Petitioner filed a second petition for habeas corpus relief related to the same conviction and sentence entitled Sylvester Howard v. State of Louisiana, Civil Action 05-790 "J"(3). In that petition, petitioner claimed that his sentence was illegally enhanced based on an invalid prior conviction. The petition was considered to be second or successive under 28 U.S.C. § 2244, and transferred to the United States Fifth Circuit Court of Appeals for the necessary authorization. The motion for authorization was denied. In Re Howard, No. 05-30305 (5th Cir. 2005).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that SYLVESTER HOWARD's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 6th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE